UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-61441-GAYLES/OTAZO-REYES

**PINELOPI WILLIAMS,**

    Plaintiff,

v.

**MYRON GEORGIADIS,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment [ECF No. 39] and Plaintiff's Motion for Summary Judgment [ECF No. 41]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motions are **DENIED.**

## BACKGROUND

Plaintiff Pinelopi Williams and Defendant Myron Georgiadis are adult siblings in dispute over investment accounts that they inherited from their father, including a joint account at Merrill Lynch (the "ML Account") and an account at TD Ameritrade (the "Ameritrade Account").[1] Plaintiff contends that she and Defendant came to an agreement whereby they would divide the equities in the ML Account. Specifically, Plaintiff claims that she and Defendant orally agreed that Defendant would take 75% of the ML Account's equities and Plaintiff would take the remaining 25%. She contends that pursuant to that agreement, she gave written consent to Merrill Lynch so that Defendant could transfer 75% of the equities to his

---

[1] When their father passed, the parties received multiple accounts jointly held between them and their now late mother. The relevant Merrill Lynch accounts were consolidated into the ML Account. In addition, Plaintiff asserts ownership over the Ameritrade Account. However, she admits that the Ameritrade Account was not contemplated by the parties' alleged oral agreement.

1

personal account. She claims that despite their agreement, and her performance of that agreement, Defendant has refused to allow her to transfer or otherwise access the remaining 25% of the ML Account's equities.[2] Plaintiff also asserts that she is entitled to full ownership of the Ameritrade Account. To support her claims, Plaintiff relies on portions of Defendant's deposition transcript, her own declarations, and multiple text messages between her and Defendant. Defendant claims that he never agreed to give Plaintiff 25% of the equities. He contends that the record establishes, at most, discussions between the parties that do not amount to a binding agreement.

Plaintiff seeks damages under theories of breach of contract, conversion, civil theft, and unjust enrichment. She also seeks a declaratory judgment as to the relevant ownership interests of the parties. The parties have filed competing motions for summary judgment.

## **LEGAL STANDARD**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no ***genuine*** issue of ***material*** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally

---

[2] As joint account holders, the parties are subject to a Merrill Lynch agreement (the "ML Agreement") that provides, in pertinent part, that the parties may transfer, sell, and transact any business on behalf of the Account as fully and completely as if either was the sole owner. *See* [ECF No. 49-1, at 41]. However, the Agreement also provides that Merrill Lynch reserves the right to require joint instructions by all account holders prior to the transfer of funds or securities. [*Id.*].

2

find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## ANALYSIS

**I.  Breach of Contract**

As discussed above, Plaintiff claims that the parties agreed to a 75/25 split of the equities in the ML Account. Plaintiff points to text messages in the record to support her claim. Defendant denies that there was an agreement and argues that even if the parties reached some consensus on splitting the ML Account, the terms are not specific enough to create an enforceable oral contract.

Given the record, and, in particular, the parties' text messages, the Court finds that genuine issues of material fact exist as to whether the parties entered into an enforceable oral contract. The text messages indicate that the parties may have agreed to divide the equities within the ML Account.[3] Defendant's argument that the purported agreement cannot be binding

---

[3] *See e.g.*, [ECF No. 40-1, at 149] (Plaintiff- "You asked me to trust you. I did. You asked for the stuff and I [g]ave it to you. Now you need to show that my trust in you was right." Defendant- "Penny it will get done. I told you it will get done. It won't be done next week though. I need more time. Don't get stressed because I know first hand what it can do to you. Don't put pressure on me because I can't handle it right now. I said it will get done."). *See also*

as a matter of law due to a lack of specific terms, without more, fails at this juncture. Indeed, Florida courts have held that "a contract should not be held void for uncertainty unless there is no other way out, and 'indefiniteness must reach the point where construction becomes futile.'" *Innkeepers Int'l, Inc. v. McCoy Motels, Ltd.*, 324 So. 2d 676, 678 (Fla. 4th DCA 1975) (quoting *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp.*, 302 So. 2d 404, 409 (Fla. 1974). Accordingly, the parties' motions for summary judgment as to the breach of contract claim are denied.

**II. Conversion**

"Conversion is an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property." *Goodwin v. Alexatos*, 584 So.2d 1007, 1011 (Fla. 5th DCA 1991). Here, both parties argue that they are entitled to summary judgment on Plaintiff's conversion claim as a matter of law. Defendant's argument is two-fold. First, Defendant argues that in Florida, tort claims, such as conversion, cannot stem solely from a breach of contract. Second, he contends that if Plaintiff's conversion claim is not based solely on the breach of a valid agreement, the claim cannot otherwise survive because the parties, as joint account holders, are entitled to use the Account as fully and completely as if either was the ML Account's sole owner. Stated another way, Defendant's second contention is that he could not, as a matter of law, have converted property that he rightfully owned.

---

[*Id.* at 155] (Plaintiff- "I know you don't want me to bring this up, but we need to take care of things and move my share of the money. You have the paperwork you need from me. I've always told you that anything else you might possibly need, you'll get. I want to finish this process. It will take stress off both of us. It's one thing off your plate. And one thing off your mind. Let's just get it done, Myron." Defendant- "I'm not going to do it at this time until I have everything in order. I'm not going to get in a discussion with you but one day we will have a serious talk. Don't worry I said I will do it and I will do it. I have integrity but that doesn't mean I agree with it.")

4

Defendant cites case law that seem, at a first glance, to support his arguments. Indeed, a conversion claim cannot be based solely on a breach of a contract. *See Tiara Condo. Ass'n Inc. v. Marsh and McLennan Cos.*, 110 So. 3d 399, 402 (Fla. 2013). And *Rosen v. Marlin*, the case relied on by Defendant, states that "[a] co-owner of a joint bank account cannot be guilty of the theft of funds taken from the account since the co-owner is in lawful possession of the joint property." 486 So. 2d 623, 625 (Fla. 3rd DCA 1986). But in reaching that conclusion, the *Rosen* court cited *Hinkle v. State*, 355 So. 2d 465 (Fla. 3d DCA 1978), a case in which the court held that joint account holders could not be found guilty of *criminal* theft, but specifically noted that it was not expressing an opinion as to potential *civil* consequences. *Id.* at 467. Since *Rosen*, Florida courts have made clear that to the extent that "[o]ne joint tenant … wrongfully appropriates more than his share … from a joint tenancy account," that person may be liable to the other joint account holder for conversion. *Joseph v. Chanin*, 940 So. 2d 483, 486 (Fla. 4th DCA 2006).

Here, Plaintiff's conversion claim cannot be determined as a matter of law on summary judgment. As joint account holders, either party could bring suit against the other for the wrongful appropriation of the ML Account's assets. Thus, Plaintiff's claim does not merely rest on an alleged breach of contract. And given the record, a reasonable jury could conclude that Defendant appropriated more than his share. Indeed, the text messages and Defendant's testimony regarding his control of the ML Account, raise genuine issues of material fact as to whether Defendant wrongfully asserted dominion over Plaintiff's property.[4] Accordingly, the parties' motions for summary judgment as to the conversion claim are denied.

---

[4] Defendant testified that he would object to Merrill Lynch if he was notified that Plaintiff was attempting to make certain transactions on the Account. *See* [ECF No. 39-2, at 71-76]. He also explained: "Most likely, Merrill Lynch will contact me [for] any other transaction that I don't initiate because I am the point

### III. Civil Theft

To prevail on a civil theft claim, a plaintiff must prove that a conversion has taken place and that the defendant acted with criminal intent. *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3rd DCA 2008). Like conversion claims, a joint account holder can be held liable to another joint account holder for civil theft. *See Escudero v. Hasbun*, 689 So. 2d 1144, 1145-1147 (Fla. 3rd DCA 1997) (rejecting argument that a co-owner of jointly held funds could not be held liable for civil theft as a matter of law).

As discussed above, genuine issues of material fact exist as to whether Defendant wrongfully converted Plaintiff's property. The Court also finds that given the record, a genuine issue of material fact exists as to whether Defendant acted with criminal intent. Accordingly, the parties' motions for summary judgment as to the civil theft claim are denied.

### IV. Unjust Enrichment and Declaratory Judgment

Plaintiff's unjust enrichment and declaratory judgment claims rest on many of those same facts disputed in her conversion and breach of contract claim. Accordingly, the parties' motions for summary judgment as to Plaintiff's unjust enrichment and declaratory judgment claims are denied.

---

of contact. I don't believe they know my sister. So definitely, they would definitely check with me prior." [*Id.* at 76-77].

## CONCLUSION

Based thereon, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [ECF No. 39] is DENIED and Plaintiff's Motion for Summary Judgment [ECF No. 41] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of November, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE